UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RODNEY MARTIN,

               Petitioner,               Case No. 1:22-cv-109

v.                                        Honorable Janet T. Neff

STATE OF MICHIGAN,

               Respondent.

_____/

## OPINION

      This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner is no longer in custody on the conviction he challenges by way of his petition.

<u>Discussion</u>

Petitioner Rodney Martin is incarcerated with the Federal Bureau of Prisons at FCI Milan in Milan, Michigan. Petitioner is serving a sentence imposed by this Court on November 17, 2017. *United States v. Martin*, No. 1:17-cr-060-02 (W.D. Mich., Nov. 7, 2017). The Court sentenced Petitioner to consecutive sentences of 108 months for possession with intent to distribute cocaine and 60 months for possession of firearms in furtherance of a drug trafficking crime. But that is not the conviction that Petitioner challenges in his petition. Instead, Petitioner attacks an October 27, 2014, Kalamazoo County Circuit Court conviction for delivery/manufacture of less than 50 grams of heroin. (Pet., ECF No. 1, PageID.1.) Petitioner pleaded guilty to that offense. Petitioner was sentenced to 4 days in jail and 2 years' probation for that offense. (*Id.*) According to the documents in Petitioner's federal prosecution, he successfully completed and was discharged from probation on July 25, 2016.

The petition raises three identical grounds for relief, as follows:

I.      Ineffective assistance of counsel in violation of [the] Michigan Constitution and his Sixth and Fourteenth Amendment rights of the U.S. Constitution.

II.     Ineffective assistance of counsel in violation of [the] Michigan Constitution and his Sixth and Fourteenth Amendment rights of the U.S. Constitution.

III.    Ineffective assistance of counsel in violation of [the] Michigan Constitution and his Sixth and Fourteenth Amendment rights of the U.S. Constitution.

(Pet., ECF No. 1, PageID.5–8.) Petitioner indicates that he will provide the supporting facts in a memorandum of law to be filed later. Presumably the memorandum will provide facts that differentiate the three claims.

Petitioner does not explain why he is attacking a conviction for which he completed his sentence more than five years ago. It appears likely that he seeks to invalidate the conviction because of the impact it had on his federal sentence.

2

The habeas statutes require that a person be "in custody in violation of the Constitution or laws or treaties of the United States" to obtain relief. 28 U.S.C. §§ 2241(c)(3) and 2254(a). An incarcerated convict's challenge to the validity of his conviction satisfies that "in custody" requirement. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A prisoner who is placed on parole likewise satisfies this requirement because his release is not unconditional—the parolee is required to report regularly to his parole officer, remain at a given job, residence, and community, and refrain from certain activities. *Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (holding that petitioner who was on parole was still "in custody" for habeas purposes); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam). A petitioner who is "in custody" at the time he files his petition continues to satisfy Article III's "case or controversy" requirement even after his sentence has expired because of the continuing collateral consequences to a wrongful criminal conviction. *Spencer*, 523 U.S. at 8 (citing *Sibron v. New York*, 392 U.S. 40, 55–56 (1968)). But "the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

In the present case, Petitioner's 2014 sentence completely expired on July 25, 2016, the date on which he was unconditionally discharged from probation. Under *Maleng*, the mere fact that he might face collateral consequences from the 2014 conviction, such as the possibility of a sentencing enhancement in subsequent proceedings, does not render him "in custody" under the 2014 conviction.

At the time *Maleng* was decided, the Supreme Court reserved the question whether a petitioner in custody for a second conviction, the sentence for which was enhanced by virtue of a prior expired sentence, could question the legality of the prior sentence in a habeas petition challenging the second conviction. *See id.* at 492–93; *Young v. Vaughn*, 83 F.3d 72, 74 (3d Cir. 1996); *Gamble v. Parsons*, 898 F.2d 117, 118 (10th Cir. 1990); *Starks v. Straub*, No. 96-1044, 1997 WL 468325, *2 (6th Cir. 1997). That is not how Petitioner has presented the issue to this Court; he does not refer to his federal conviction or sentence in the petition. *See Wright v. United States*, No. 21-3430, 2021 WL 5365813, at *2 (6th Cir. Oct. 29, 2021) (denying a certificate of appealability, Judge McKeague explained that the "petition cannot be construed as asserting a challenge to his current federal sentence, as enhanced by his prior Ohio conviction, because [the petitioner] did not refer to his federal sentence in his petition.").

Moreover, even if Petitioner attacked the 2014 conviction by challenging its use to enhance his federal sentence—a sentence for which he remains in custody—he could not thereby satisfy the "in custody" requirement of § 2254(a) "for the simple reason that his second judgment was entered by a federal court." *Alaska v. Wright*, __ U.S. __, 141 S. Ct. 1467, 1468 (2021). Petitioner would fare no better if he filed a § 2241 or § 2255 petition to pursue his attack on the 2014 conviction as used to enhance his federal sentence. As the Supreme Court explained in *Daniels v. United States*, 532 U.S. 374 (2001):

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.

*Daniels*, 532 U.S. at 382. Petitioner's prior state conviction is no longer open to direct attack or collateral attack in this Court or the state courts. Therefore, the 2014 conviction is presumed valid

4

and Petitioner's present sentence is not properly attacked based on the unconstitutionality of the 2014 conviction.[1] As a result, this Court is without jurisdiction to consider Petitioner's challenge to his 2014 conviction whether he is challenging that conviction directly under § 2254 or indirectly, because it was used to enhance his federal sentence, under §§ 2241 or 2255.

### Motion for extension

Petitioner has moved for an extension of time to file a memorandum of law in support of his petition. (ECF No. 2.) Because the Court is without jurisdiction to consider the petition, the motion for an extension will be denied as moot.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that

---

[1] The Court held that an exception to the rule is available when the petitioner seeks to challenge an enhanced subsequent sentence on the basis that the earlier sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment. Here, Petitioner has identified the name of counsel appearing for him in the Kalamazoo County Circuit Court, Kerri Selleck. (Pet., ECF No. 1, PageID.13.) Accordingly, the exception identified by the Supreme Court is inapplicable here.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated:   March 7, 2022                         /s/ Janet T. Neff
                                               Janet T. Neff
                                               United States District Judge

6